◄AO450 (Rev. 5/85)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Equal Employment Opportunity Commission

**JUDGMENT IN A CIVIL CASE**

V.

Case Number:  11-2745 PJS/JSM

Minnesota Department of Natural Resources

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
**I. JURISDICTION**
This Court has jurisdiction over the parties and the subject matter of this action.
**II. FINDINGS**
A. The purposes of the ADEA and the public interest will be furthered by the entry of this Decree.
B. The terms of this Decree constitute a fair and equitable settlement of this action.
C. The terms of this Consent Decree were reached by a process of negotiation and compromise.
**III. RELIEF**
A. The EEOC and DNR agree that the District Court's holdings in the *EEOC v. Minnesota Department of Corrections*, Civil Case No. 08-CV-05252 (PAM/FLN) ("District Court Memorandum"), with respect to the invalidity of the ERIs (including the grandfathering provisions) under the ADEA and the scope of available relief control here.
B. DNR represents that Exhibit A is a true and complete list of all persons ("claimants") who retired from DNR on or after September 4, 2004 who would have been eligible for the ERI but for the operation of the cliff provision and/or grandfathering provisions as defined in the District Court Memorandum. In the event that any claimant is identified to the DNR within a year from the date of final judgment herein and is determined to have been inadvertently omitted from Exhibit A, the parties agree that they will meet and attempt to resolve the matter pursuant to the terms of this Consent Decree.
C. DNR shall make payments to each claimant in the full amount of the employer's contribution to premium that would have been paid had the claimant received the ERI through December 31, 2011. DNR represents that the amounts listed on Exhibit A represent the full amount of such premiums through December 31, 2011. DNR shall make such payments on or before December 31, 2011.
D. DNR shall offer to enroll those claimants who are under age 65 in the State insurance plan on the same terms as though they had received the ERI at the time of their retirement. The enrollment date shall be January 1, 2012. In the event that DNR determines that it cannot extend such an offer for administrative or other reasons, DNR shall pay the claimants front pay measured by the employer's premium contributions until age 65.
E. The release of information by DNR about this matter is governed by Minn. Stat. § 13.01, et seq., ("Minnesota Government Data Practices Act") and Minn. Stat. § 15.17, et seq., ("Official Records Act"). The specific reasons that DNR is settling this dispute are: 1) to avoid any and all further costs of litigation; and 2) to avoid any and all further risks of litigation. DNR's statement of specific reasons in this paragraph for settling this dispute complies with the requirements of Minn. Stat. § 13.43, subd. 2(a)(6). Nothing in

this Consent Decree shall be construed as an admission or denial of the claims or defenses in this case.

F. The EEOC and DNR agree that this Consent Decree constitutes the entire agreement between them and no modification of this Consent Decree and/or other promises or agreements shall be binding unless in writing and signed by all the parties hereto.

G. The EEOC and DNR understand and agree that the invalidity or partial invalidity of any portion of this Consent Decree shall not invalidate the remainder of it, and the remainder shall remain in full force and effect.

H. This Consent Decree may be executed in one or more counterparts, each of which shall be deemed an original.

I. The EEOC and the DNR agree that if the applicable federal law changes with respect to the ERI provisions at issue in District Court Case no. 08-CV-05252 (PAM/FLN) and/or United States Court of Appeals for the Eighth Circuit Case no. 10- 2699, either by legislation or controlling authority, the DNR may employ early retirement incentives consistent with that law, notwithstanding this Consent Decree.

**IV. COSTS AND ATTORNEYS FEES**

Each party shall bear that party's own costs and attorney's fees.

|  |  |
|---|---|
| November 8, 2011 | RICHARD D. SLETTEN, CLERK |
| Date | |
| | s/A. Linner |
| | (By)      A. Linner   Deputy Clerk |